■ CITY OF NEW YORK et al., Respondents, v 777-779 EIGHTH AVENUE CORP. et al., Appellants. [640 NYS2d 546] —Order, Supreme Court, New York County (Jane Solomon, J.), entered December 22, 1995, which granted plaintiffs' motion for a preliminary injunction closing the premises known as the Hollywood Twin Theater, unanimously affirmed, with costs.

The IAS Court exercised its discretion appropriately in granting injunctive relief closing the Hollywood Twin, a theater exhibiting adult films. The testimony and documentation adduced at the evidentiary hearing on the preliminary injunction established by clear and convincing evidence that the subject premises was an establishment that made its facilities available for prohibited sexual activities and therefore constituted a threat to the public health in violation of the State Sanitary Code (10 NYCRR subpart 24-2) and a public nuisance danger-

ous to the public health in violation of the New York City Nuisance Abatement Law (Administrative Code of City of NY § 7-701 *et seq.*; *City of New York v Dana*, 165 Misc 2d 409). That evidence included 57 detailed, contemporaneous, uncontradicted written inspection reports prepared by 12 different Department of Health inspectors that described 83 separate acts of prohibited sexual activity, involving 156 theater patrons observed during inspections of the subject premises conducted between April 13, 1995, when an explicit warning notice of closure was issued to defendants by the Department of Health, and August 11, 1995, when the closing order was executed.

Defendants rely upon the decision of the Court of Appeals in *People ex rel. Arcara v Cloud Books* (68 NY2d 553) for the proposition that a municipality cannot close an adult establishment based upon allegations of illegal sexual conduct occurring on its premises unless the City can demonstrate that less restrictive measures to eliminate the prohibited sexual activity, including arresting the offenders or injunctive relief, prove unavailing. However, in *Matter of Town of Islip v Caviglia* (73 NY2d 544, 559), the Court of Appeals specifically recognized that the *Arcara* decision does not, "in absolutist terms", require proof in every case that alternative remedies have been attempted without success before closure, nor mandate that any particular steps be taken in a graduated order before closure, but rather held that "the most appropriate means" to deal with the particular problem under the particular circumstances may be taken. Here, the City clearly satisfied the *Arcara* standard. An effort was made by the City to pursue a less restrictive course of action herein in eliminating prohibited sexual activity at the subject premises by giving the management an explicit pre-closure warning that sexual activities dangerous to the public health were occurring at the subject premises and that the City would seek closure if such activities were not immediately curtailed, by granting the management a prolonged opportunity to remain open and avoid closure by complying with the public health laws, and by only seeking and obtaining closure after defendants, despite repeated assurances that they would monitor the facility, failed to eliminate the prohibited activity (*City of New York v Dana, supra*, at 415-416).

Finally, we find that, contrary to defendants' assertions, the subject premises is an "establishment", as defined by the State Sanitary Code (10 NYCRR 24-2.1), qualifying as "any place in which entry, membership, goods or services are purchased". The theater charged an entry fee of six dollars for a specific service, the viewing of adult films.

We have considered defendants' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ellerin, Williams and Mazzarelli, JJ.